UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
                                              :
LONGVIEW EQUITY FUND, LP, and                 :
LONGVIEW FUND LP,                             :
                                              :
                    Plaintiffs,               :
                                              :         06 Civ. 4304 (GEL)
        -against-                             :
                                              :         **OPINION AND ORDER**
WILLARD G. McANDREW, III,                     :
                                              :
                    Defendant.                :
                                              :
------------------------------------------------------x

Abraham Backenroth, Backenroth Frankel &
Krinsky, LLP, New York, NY, for plaintiffs.

Gregory P. Vidler, Guzor Ofsink, LLC, New
York, NY (Howard J. Klatsky, Shamoun Klatsky
Norman, Dallas, TX, of counsel), for defendant.


GERARD E. LYNCH, District Judge:

        Plaintiffs Longview Equity Fund, LP ("Longview Equity") and Longview Fund LP

("Longview Fund") move for summary judgment in this action to enforce two notes (the

"Notes") executed by defendant Willard G. McAndrew, III.  Defendant cross-moves for

summary judgment, and moves in the alternative for a transfer of venue or a stay pursuant to the

Bankruptcy Code.  Plaintiffs' motion will be granted, and defendant's motions will be denied.

## BACKGROUND

        The facts of this case are undisputed, except where otherwise noted.  In December 2005,

defendant was the Chief Executive Officer of Energy & Engine Technology Corporation

(EETC).  On December 6, 2005, Longview Equity made a loan in the principal sum of $250,000

to McAndrew.  (As will be discussed below, McAndrew argues that the loan was actually to

EETC.)  The loan was evidenced by a note executed by McAndrew in his own name, with a

maturity date of February 6, 2005.  (Benz Aff. Ex. A.)  The money has not been paid back.

Also on December 6, 2005, Longview Fund lent McAndrew an identical sum, evidenced

by an identical Note with the same maturity date of February 6, 2005.  (Benz Aff. Ex. B.)  Again,

McAndrew argues that the loan was actually for EETC, and again the money has not been paid

back.

Plaintiffs commenced this action in New York State Supreme Court on April 27, 2006,

by filing a Motion for Summary Judgment in Lieu of Complaint.  On June 7, 2006, defendant

removed that action to federal court.  The parties now cross-move for summary judgment, and

defendant moves in the alternative for a transfer of venue or a stay pursuant to the Bankruptcy

Code.  In essence, plaintiff argues that defendant simply defaulted on the Notes, while defendant

offers a list of defenses, all of which are meritless as a matter of law.

## DISCUSSION

I.   **Summary Judgment Standard**

When adjudicating a motion for summary judgment, all ambiguities must be resolved in

favor of the nonmoving party, although "the nonmoving party may not rely on conclusory

allegations or unsubstantiated speculation."  Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir.

1998). Summary judgment is appropriate where "the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits . . . show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a

matter of law."  Fed. R. Civ. P. 56(c).  The court "is not to weigh the evidence but is instead

required to view the evidence in the light most favorable to the party opposing summary

2

judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility

assessments." Weyant v. Okst, 101 F.3d 845, 854 (2d Cir. 1996).

To establish a genuine issue of material fact, the party opposing summary judgment

"must produce specific facts indicating that a genuine factual issue exists." Scotto, 143 F.3d at

114 (internal citations and quotation marks omitted).  "If the evidence [produced by the

nonmoving party] is merely colorable, or is not significantly probative, summary judgment may

be granted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986) (internal citations

omitted).  "The mere existence of a scintilla of evidence in support of the [non-movant's]

position will be insufficient; there must be evidence on which the jury could reasonably find for

the [non-movant]." Pocchia v. NYNEX Corp., 81 F.3d 275, 277 (2d Cir. 1996), quoting Liberty

Lobby, 477 U.S. at 252.

## II.   <u>Waiver</u>

Defendant's first argument is that plaintiffs took two actions that effectively waived their

right to enforce the Notes against him.  First, he argues that plaintiffs waived their right to

enforce the Notes when they filed a petition in the United States Bankruptcy Court for the

District of Nevada (Colson Reply Aff. Ex. G) to force EETC into involuntary bankruptcy partly

on the basis of the Notes.  (D. Opp. Mem. 6.)  Plaintiffs argue that the involuntary petition was

*not* based on the Notes, but on other obligations on which EETC had defaulted.  (P. Reply 9;

Colson Reply Aff. ¶ 8 & Ex. G.)  Even if plaintiffs acted to recover on the Notes from EETC,

however, this does not necessarily constitute an act inconsistent with recovery from McAndrew.

"Waiver requires the voluntary and intentional abandonment of a known right which, but

for the waiver, would have been enforceable." General Motors Acceptance Corp. v. Clifton-Fine

3

Cent. School Dist., 85 N.Y.2d 232, 236 (1995).  The plaintiffs acted to enforce the Notes against

EETC on the understanding that EETC had guaranteed the Notes.  McAndrew, acting on behalf

of EETC, executed a Guaranty Agreement with the plaintiffs under which EETC guaranteed the

Notes.[1]  (Coleson Opp. Aff. Ex. A.)  Under the guaranty agreement, McAndrew as borrower and

EETC as guarantor were jointly and severally liable on the debt.  There is therefore no

inconsistency in acting to enforce the Notes against both parties.

Defendant cites no law to suggest that enforcing a debt against a guarantor waives the

right to proceed against the borrower.  Indeed, the guaranty agreement provided that "a separate

action or actions may be brought and prosecuted against Guarantor to enforce [Guarantor's]

obligations, irrespective of whether any action is brought against Borrower."  (Id.)  Because the

guaranty agreement provides for joint and several liability (id.), defendant's argument that

pursuing a claim against EETC constituted an abandonment of plaintiffs' rights against

McAndrew is without merit.

Defendant also argues that plaintiffs waived their right to enforce the Notes by

preventing certain investors from investing in EETC.  (D. Opp. Mem. 7.)  McAndrew claims that

these investments, had they been made, would have been used to pay off the Notes at issue.  (Id.)

Plaintiffs deny these allegations, and state that discussions with the three investors in question

did not even begin until after defendant had defaulted on the Notes, and that the discussions

concerned a possible investment for "working capital" that would not have been used to pay off

the Notes.  (Coleson Reply Aff. ¶ 9.)

---

[1] Contrary to defendant's contention that the loans were not made to him, this agreement
identified the money disbursed as "loans to Willard G. McAndrew."

4

On its face, defendant's account is difficult to credit; defendant offers no reason why plaintiffs would want to stop the flow of money they believed was destined for their own pockets.  More importantly, however, defendant has failed to adduce any evidence that plaintiffs actually took any such action; nothing in defendant's filings even specifies what actions by plaintiffs allegedly prevented the investments.

Defendant's theory may be that the plaintiffs' filing of an involuntary bankruptcy petition prevented the investment; plaintiffs understand this to be the argument (P. Reply Mem. 10), and McAndrew's affidavit does not specify any other way in which plaintiffs acted to prevent the investment.  (2d McAndrew Aff. ¶ 12.)  The involuntary petition, however, was not filed until May 9, 2006, more than three months after the Notes came due on February 6, 2006. Accordingly, it could not have been the involuntary petition that prevented the payment of the Notes, and defendant has failed to point to any other action that might have done so.  Thus, defendant has failed to adduce any evidence from which a reasonable factfinder could conclude that plaintiffs interfered with investments in EETC or took any other action that might constitute waiver of their right to enforce the Notes.

## III.   **Judicial Estoppel**

Defendant argues that plaintiffs are judicially estopped from enforcing the Notes because in multiple pleadings in the bankruptcy court in Nevada, they asserted that EETC is the party liable on the notes.  (D. Opp. Mem. 8.)  "A party invoking judicial estoppel must show that (1) the party against whom the estoppel is asserted took an inconsistent position in a prior proceeding and (2) that position was adopted by the first tribunal in some manner, such as by

rendering a favorable judgment." <u>Mitchell v. Washingtonville Cent. Sch. Dist.</u>, 190 F.3d 1, 6 (2d Cir. 1999) (citation omitted).

In the filings at issue, plaintiffs stated that the Longview entities are "EETC's largest creditors," having claims that "exceed $3 million." (Klatsky Aff. Ex. D. at 3.) Attached as Exhibit A to the filing is a list of note balances that includes the Notes at issue. (<u>Id</u>. Ex. D, Sub-Ex. A.) Thus, plaintiffs do appear to have claimed the Notes at issue as debts owed by EETC to them. Plaintiffs contend that their filings in bankruptcy court claim the Notes as debts of EETC only in the context of their understanding that EETC had guaranteed the Notes, and that this does not represent an inconsistent position. (P. Opp. Mem. 3.) Regardless of whether the specific statements at issue are inconsistent with the position that the Notes indebted McAndrew to plaintiffs, defendant has made no argument that plaintiffs' statements in bankruptcy court were "adopted by the first tribunal in some manner," and nothing in the record indicates that the bankruptcy court relied upon these statements in any fashion whatsoever. <u>Mitchell</u>, 190 F.3d at 6. Accordingly, this argument fails as a matter of law.

**IV.    <u>Lack of Consideration</u>**

Defendant argues that the Notes may not be enforced because he "did not receive any compensation or personal benefit in exchange for executing the Notes at issue." (D. Opp. Mem. 9 (emphasis omitted).) He argues that all the relevant funds went to EETC, rather than to him personally. The Notes, however, state that they are "for value received." "Under New York law, a party executing a promissory note containing such a statement 'is precluded from denying receipt of the consideration recited therein.'" <u>Sun Forest Corp. v. Shvili</u>, 152 F. Supp. 2d 367, 391 (S.D.N.Y. 2001), quoting <u>Cumis Ins. Soc'y, Inc. v. Dominic</u>, No. 95 Civ. 10221, 1997 WL

151120, at *3 (S.D.N.Y. Apr. 1, 1997) (Sotomayor, J.).  Moreover, defendant, an officer of

EETC, clearly benefitted when the corporation received funds.  See In re Victory Veal, Inc., 186

B.R. 22, 30 (Bkrtcy. E.D.N.Y. 1995).

Defendant relies upon Adirondack Bank v. Simmons, 619 N.Y.S.2d 383 (3d Dep't 1994),

in which the Appellate Division found the defendant not bound by a note because the funds in

question been transmitted through the defendant's bank account for the use of a third party.  In

that case, however, the use of the defendant's bank account was purely for purposes of

transmitting funds between the contracting parties; "no loan [to the defendant] was ever intended

by the parties."  Id. at 653.  In this case, on the other hand, McAndrew was clearly a party to the

Notes, which are by their terms loans to McAndrew.  Accordingly, this argument fails.

**V.      Fraudulent Inducement**

Defendant argues that the Notes were procured by fraud.  (D. Oppo. 10-12.)  Specifically,

he asserts that he was induced to execute the Notes by three misrepresentations made by

plaintiffs: (1) that plaintiffs were going to loan EETC an additional sum, which they did not; (2)

that the monies at issue could not be loaned directly to EETC because of a provision in

plaintiffs' bylaws; and (3) that the plaintiffs had no interest in taking over or running EETC.  (2d

McAndrew Aff. ¶ 6.)  However, "[u]nder New York law, in order for fraudulent inducement to

prevent enforcement of a promissory note, it generally must be based on misrepresentations

concerning the terms or conditions of the loan itself."  Joint Venture Asset Acquisition v.

Bhogaonker, 769 F. Supp. 532, 536 (S.D.N.Y. 1991) (internal citations and quotations omitted).

Thus, even if plaintiffs made the alleged misrepresentations, defendant would have no basis to

avoid enforcement of the Notes.

VI.     <u>Equitable Estoppel</u>

Defendant argues that plaintiffs cannot enforce the Notes under the doctrine of equitable estoppel, because the plaintiffs made false representations upon which defendant relied in executing the Notes.  (D. Oppo. 8-9.)  The representations in question are the same as those discussed above in the context of fraudulent inducement.  (<u>See</u> 2d McAndrew Aff. ¶ 6.)

"Under New York law, the elements of equitable estoppel are with respect to the party estopped: (1) conduct which amounts to a false representation or concealment of material facts; (2) intention that such conduct will be acted upon by the other party; and (3) knowledge of the real facts." <u>In re Vebeliunas</u>, 332 F.3d 85, 93-94 (2d Cir. 2003).  Further, "[t]he parties asserting estoppel must show with respect to themselves: (1) lack of knowledge and of the means of knowledge of the true facts; (2) reliance upon the conduct of the party to be estopped; and (3) prejudicial changes in their positions." <u>Id</u>. at 94.  "The doctrine of equitable estoppel is properly invoked where the enforcement of the rights of one party would work an injustice upon the other party due to the latter's justifiable reliance upon the former's words or conduct." <u>Kosakow v. New Rochelle Radiology Assocs.</u>, 274 F.3d 706, 725 (2d Cir. 2001).

Two of the representations at issue — that plaintiffs would in the future loan EETC an additional sum, and that they had no interest in taking over EETC — concerned plaintiffs' intent to act (or not act) in the future.  "[S]tatements relating to the future conduct of the [party], rather than a representation concerning a past or present fact, cannot form the basis for equitable estoppel." <u>Solow Management Corp. v. Hochman</u>, 191 A.D.2d 250, 251 (1st Dep't 1993).

The other alleged statement at issue is the statement that plaintiffs could not loan funds directly to EETC under a provision in their bylaws.  Contrary to defendant's argument that "the

plaintiffs have not submitted any competent evidence that McAndrew knew or had the means of knowing the true facts" (D. Opp. Mem. 9 (emphasis omitted)), however, defendant, a sophisticated businessman, could simply have asked to see a copy of the relevant bylaws.  Even if plaintiffs made the statement in question, they would have had every reason to expect that McAndrew would take the easy steps necessary to verify it — assuming that it was in fact a determinative factor in McAndrew's decision to execute the Notes, as he now claims.  Thus, defendant has failed to show that he lacked "knowledge and . . . the *means of knowledge* of the true facts."  In re Vebeliunas, 332 F.3d at 94 (emphasis added).  Even if the statement concerning plaintiffs' bylaws was made, and was false — two key facts for which the defendant has offered no specific evidence other than his own bare and conclusory assertions —  the ease with which defendant could and should have verified any misrepresentation on this issue renders any reliance far from "justifiable."  Kosakow, 274 F.3d at 725.

Moreover, McAndrew's affidavit is the only evidence that any of the alleged misrepresentations were made, and the affidavit fails to offer any specifics as to who made the statement or when.  Wayne Colson, who negotiated the loans at issue for plaintiffs, denies that any such representations were made.  (Colson Reply Aff. ¶ 5.)  McAndrew offers only his own unsubstantiated, self-serving and unspecific statement in response.  Thus, "[t]he only evidence offered . . . of any such representation is . . . unsubstantiated and self-serving statements," which New York courts have held "insufficient to defeat the motion for summary judgment."  First Northern Mortgagee Corp. v. Yatrakis, 546 N.Y.S.2d 9, 9 (2d Dep't 1989).

In short, defendant has failed to satisfy the requirements for equitable estoppel, and this case does not present the "exceptional circumstances" under which the doctrine is to be applied. Borges v. Sallis, 737 N.Y.S.2d 284, 284 (1st Dep't. 2002).

**VII.   Motion to Transfer Venue**

The Notes contain forum selection clauses providing that "[a]ny action brought by either party against the other concerning the transactions contemplated by this Agreement shall be brought only in the civil or state courts of New York or in the federal courts located in the State and county of New York." (Coleson Aff. Ex. A ¶ 5.6; id. Ex. B ¶ 5.6.) Despite these provisions, defendant argues that venue should be transferred to the United States District Court for the Northern District of Texas pursuant to 28 U.S.C. § 1404(a). (D. Mem. 7-9.)

> Section 1404(a) is intended to place discretion in the district court
> to adjudicate motions for transfer according to an individualized,
> case-by-case consideration of convenience and fairness. A motion
> to transfer under § 1404(a) thus calls on the district court to weigh
> in the balance a number of case-specific factors. The presence of a
> forum-selection clause such as the parties entered into in this case
> will be a significant factor that figures centrally in the district
> court's calculus.

Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (internal citations and quotation marks omitted).

The only specific reasons offered by defendant for the transfer are that McAndrew and one other potential witness live in Texas. (D. Mem. 8.) Even if it were necessary to hold a trial in this case, which it will not be, the need for two witnesses to travel to New York would be insufficient to outweigh the forum selection clause, which represents a clear agreement between the parties that any dispute should be adjudicated in New York. Given that the matter can be

disposed of by summary judgment, defendant has offered no convincing reason to disregard the forum selection clause and transfer venue to the Northern District of Texas.[2]

## VIII.   Application for a Stay Pursuant to the Bankruptcy Code

Finally, defendant argues that the action should be stayed pursuant to the Bankruptcy Code, because although he is not the debtor in the bankruptcy proceedings against EETC, he has alleged in those proceedings that the debt represented by the Notes "is really a debt of EETC." (D. Mem. 10.)  However, "the automatic stay is applicable only to proceedings 'against,' 11 U.S.C. § 362(a)(1), the debtor."  Koolik v. Markowitz, 40 F.3d 567, 568 (2d Cir. 1994). McAndrew is not in bankruptcy, and EETC, the debtor in the bankruptcy proceedings at issue, is not a party to the present action.  "[A] Section 362 stay is not ordinarily extended to entities such as sureties, guarantors, co-obligors, or others with a similar legal or factual nexus to the Chapter 11 debtor."  CAE Indus. Ltd. v. Aerospace Holdings Co., 116 B.R. 31, 32 (S.D.N.Y. 1990) (internal citation and quotation marks omitted).  Accordingly, the application must be denied.

---

[2] Defendant also cites N.Y. Uniform Commercial Code § 1-105, which provides that forum selection clauses are appropriate when a transaction "bears a reasonable relation" to New York. (D. Mem. 7.)  Defendant later argues that the Notes bear no reasonable relation to the state of New York.  (D. Mem. 9.)  "The Second Circuit has held that federal law governs the validity of forum selection clauses in diversity actions."  Beatie and Osborn LLP v. Patriot Scientific Corp., 431 F. Supp. 2d 367, 390 (S.D.N.Y. 2006), citing Jones v. Weibrecht, 901 F.2d 17, 19 (2d Cir. 1990).  Section 1-105 is thus not directly relevant to the § 1404(a) analysis.  Defendant perhaps intends to argue that the forum selection clause is unenforceable under New York law, and therefore should be given little weight in the § 1404(a) analysis.  This argument would fail, however, because the Notes were funded and drafted in New York and are governed by New York law, and thus do bear a reasonable relation to New York.

## CONCLUSION

Plaintiffs' motion for summary judgment (Docs. # 5, 10) is granted, and defendant's motion for summary judgment, or in the alternative for a transfer of venue or a stay pursuant to the bankruptcy code (Doc. # 11), is denied.

SO ORDERED.

Dated: New York, New York
       January 23, 2007

GERARD E. LYNCH
United States District Judge

12